# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN D. SHARE, | : | CIVIL NO. 3:12-CV-2495 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY KRUEGER, WARDEN, | : | |
| FCI SCHUYLKILL, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Benjamin D. Share ("Share" or "petitioner"), a federal inmate confined at the Federal Penitentiary at Schuylkill ("FCI-Schuylkill"), Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction and the petition for bail pending disposition of his habeas corpus petition (Doc. 2) will be denied.

I. **Background**

On September 13, 2005, during his jury trial, Share entered into a written plea agreement and pled guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and obstruction of justice in violation of 18 U.S.C. § 1503. (Doc. 1, ¶ 8.) On March 28, 2006, he was sentenced to two sixty month sentences of incarceration which were

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

ordered to run consecutive to one another. (Id. at ¶ 9.)

Because Share is 84 years of age and suffers from acute renal failure, diabetes, arthritis and skin cancer, *inter alia*, he applied for compassionate release as permitted under 3582(c)(1)(A)(i) *via* the Federal Bureau of Prisons' administrative review process. (Id. at ¶¶ 11, 20.) His request was denied. (Id. at ¶¶ 20-21.)

Under the heading "Reasons for Granting Habeas Corpus Relief," petitioner states "[f]or the following reasons, Mr. Share respectfully represents that the Bureau of Prisons has failed to provide and/or sufficiently and adequately provide treatment for his serious, chronic and likely terminal medical maladies, particularly in light of his advanced age of over 84 years, all in violation of his 8th amendment constitutional rights: alternatively, he asserts that the Bureau of Prisons' abused its discretion in failing to move in this Court for a compassionate release/relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)." (Id. at ¶ 32.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting

*Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

To the extent that Share seeks to challenge the adequacy of the medical care administered by the BOP, he is seeking to impose liability due to the deprivation of certain rights and privileges, and the appropriate remedy is a civil rights action. Consequently, this portion of the petition will be dismissed without prejudice to any right Share may have to assert the claim in a properly filed civil rights complaint.

We now turn to his contention that the BOP abused its discretion in failing to move this Court for a compassionate release. A prisoner may obtain release from incarceration prior to the end of a validly-imposed sentence on compassionate grounds set forth in 18 U.S.C. § 3582. That statute provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). This section requires that a motion for a sentence reduction be filed by the Director of the BOP after the Director approves an inmate's application for compassionate release. The BOP, in other words, has broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(i).

Based on this broad grant of discretion, a number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable. See Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); Turner v. U.S. Parole Comm'n, 810 F.2d 612, 615 (7th Cir. 1987) (same); Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) ("the BOP's decision regarding whether or not to file a motion for compassionate release is

4

judicially unreviewable") (collecting cases); Engle v. United States, 26 F. App'x 394, 397 (6th Cir. 2001) (holding that a district court lacks "jurisdiction to *sua sponte* grant compassionate release" and that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon motion from the Director of the Bureau of Prisons"); Crawford v. Woodring, No. CV 08–362–GW, 2009 WL 6575082, at *6 (C.D.Cal. Dec. 11, 2009) (dismissing as unreviewable prisoner's § 2241 request for an order directing the BOP to move for early release under § 3582(c)(1)(A)(i)); Gutierrez v. Anderson, No. 06–1714, 2006 WL 3086892, at *4 (D.Minn. Oct. 30, 2006) (same). Consistent with these decisions, we hold that a federal court lacks authority to review a decision by the BOP to not seek a compassionate release for an inmate under § 3582(c)(1)(A)(I). Consequently, the petition will be denied for lack of jurisdiction.

### III. Conclusion

Based on the foregoing, the petition will be dismissed for lack of jurisdiction. An appropriate order accompanies this Memorandum.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District

Dated: December 26, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN D. SHARE, : CIVIL NO. 3:12-CV-2495
          Petitioner :
: (Judge Munley)
v. :
:
JEFFREY KRUEGER, WARDEN, :
FCI SCHUYLKILL, :
          Respondent :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# ORDER

**AND NOW**, to wit, this 26th day of December 2012, upon preliminary review of the petition pursuant to 28 U.S.C. § 2241, see R. Governing § 2254 Cases R.4, it is hereby ORDERED that:

1. The portion of the petition in which petitioner challenges the adequacy of the medical care being provided by the Federal Bureau of Prisons is dismissed without prejudice to any right petitioner may have to assert the claim in a properly filed civil rights complaint.

2. The remainder of the petition is DISMISSED for lack of jurisdiction.

3. Petitioner's petition for bail pending disposition of his habeas corpus petition (Doc. 2) is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District